

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

September 28, 1973

The Honorable Clayton T. Garrison
Executive Director
Texas Parks & Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Dear Mr. Garrison:

Opinion No. H-112

Re: Status of Article 947,
Vernon's Texas Penal
Code, and other laws
regulating the harvesting
of shrimp

You have requested our answers to three questions concerning
Articles 947 and 978j, Vernon's Texas Penal Code, and other statutes
having to do with the harvesting of shrimp. Your first question is:

"Has Article 947, Vernon's Texas Penal Code
been superseded by the enactment of Texas Shrimp
Conservation Act and the Uniform Wildlife Regulatory
Act and other more recent legislation, and if so, to
what extent?"

Since you posed that question, House Bill 833 of the 63rd Legislature
(Acts 1973, 63rd Leg., p. 515, ch. 220) has become effective. Its § 2
amended Article 947 and, by amending it, reaffirmed its validity as pre-
sently effective legislation. We therefore answer your first question that
Article 947 has not been superseded by the enactment of any other legislation.
However, as amended it now applies only to Harris, Galveston, Chambers
and Victoria counties.

Your second question asks:

"Does the Parks and Wildlife Department lose
regulatory authority over shrimp in Cameron, Brazoria,
Jackson, Jefferson, Orange and Willacy counties follow-
ing the effective date of House Bill 833, Acts of the 63rd
Legislature, 1973?"

House Bill 833, §1, amended Article 978j, V. T. P. C., by adding a new §1A to provide:

"Sec. 1A. (a) Except as provided in Subsection (b) of this section, this Act applies to all coastal waters in this state with respect to fish, aquatic life, and marine animals.

"(b) Subsection (a) of this section does not apply to shrimp and oysters or to Harris, Galveston, Chambers, and Victoria Counties."

The purpose of House Bill 833, as stated in its caption, was to include under the Uniform Wildlife Regulatory Act all coastal waters except Harris, Galveston, Chambers and Victoria counties and to make the provisions of Article 978j-1, V. T. P. C., applicable to all coastal waters with respect to fish, aquatic life, and marine animals. However, the caption specifically states that the Act provides exceptions for shrimp and oysters.

We do not read the amendatory language of §1 of House Bill 833 as providing that the Uniform Wildlife Regulatory Act, as a whole, should not apply to shrimp or oysters. Rather we read it as only applying that exception to coastal waters which had not theretofore been covered but which were added by §1. It is our purpose in construing the Act to determine the intent of the Legislature. Any other interpretation than the one we have given immediately above would, we believe, distort the intent of the Legislature. Had the Legislature intended to remove entirely the authority of the Department to regulate shrimp and oysters in all waters subject to the Uniform Wildlife Regulatory Act, it could have easily done so in a far less circuitous manner.

It is our opinion, therefore, in answer to your second question, that in all of the counties you have named, shrimp remain subject to the regulation of the Parks and Wildlife Department through the authority conferred by the Uniform Widlife Regulatory Act, Article 978j-1, if this authority existed under the Act prior to its amendment by House Bill 833. However, the Act,

in § 3(c)(1) provides that in four counties, including Jefferson and Orange, shrimp are not included in the term "wildlife resources." The Department, therefore, did not have regulatory authority under the Uniform Wildlife Regulatory Act over shrimp in those counties before or after the effective date of House Bill 833.

However, Acts 1963, 58th Leg., ch. 339, p. 894, applying to Orange and Jefferson counties, authorizes the Game and Fish Commission to regulate the taking of shrimp from coastal waters of those counties. The rights are the same as those conferred upon the Department by § 2 of Article 4075b, V. T. C. S., the Texas Shrimp Conservation Act. Therefore, with the note that Orange and Jefferson counties are regulated under the Shrimp Act rather than the Uniform Wildlife Regulatory Act, it is our opinion that House Bill 833 did not deprive the Parks and Wildlife Department of regulatory authority over shrimp in Cameron, Brazoria, Jackson, Jefferson, Orange, and Willacy counties.

Your third question asks whether House Bill 833 repeals, amends or modifies the authority granted the Department under various statutes including Articles 978j and 978j-1, § 13c, V. T. P. C., as amended in 1963.

Article 978j of the Penal Code is a compilation of special laws applying to various counties under the title: "Local Game and Fish Laws". Acts 1955, 54th Leg., ch. 80, p. 363, is one such law applying to the waters of the Laguna Madre lying within the counties of Cameron, Kenedy and Willacy, and making it unlawful to take from those waters any speckled trout less than 12 inches in length or any flounder less than 12 inches in length or any redfish less than 4 inches in length. We see nothing in House Bill 833 that would repeal or modify that Act. In fact it was especially saved from repeal by § 15 of Article 978j-1.

Section 13c of Article 978j-1, V. T. P. C., provides that, notwithstanding the powers vested in the Parks and Wildlife Commission, there is established in Aransas County a zone in which it shall be unlawful to use a net or seine.

Again we see nothing in House Bill 833 (extending the effect of Article 978j-1 to all coastal waters) inconsistent with this provision and it is our opinion that it is not repealed by House Bill 833.

Finally, Chapter 339 of the Acts of the 58th Legislature, like Chapter 80 of the Acts of the 54th Legislature, supra, is a special law, codified under Article 978j of Vernon's Texas Penal Code and applicable to Orange and Jefferson counties and the coastal waters thereof. We do not believe it was the intention of the Legislature, in adopting House Bill 833, to over-rule these specific provisions applicable to the two counties.

In State v. Jackson, 376 S. W. 2d 341 (Tex. 1964), the Supreme Court had before it the same situation involving conflicts between the general grant of authority to the Parks and Wildlife Department, on the one hand, and regulation by specific legislation on the other. In holding that the specific legislation controlled, the Supreme Court said:

> " . . . It is elementary that the Legislature may with-draw from an administrative agency it has created any or all of the powers delegated, for authority to give includes authority to take away. Moreover, delegated powers may be withdrawn by preemption as well as by express declaration. When the Legislature acts with respect to a particular matter, the administrative agency may not so act with respect to the matter as to nullify the Legislature's action even though the matter be within the agency's general regulatory field. " (376 S. W. 2d at 344)

## SUMMARY

Article 947 of the Penal Code, governing seining for fish, green turtles, loggerheads, terrapin and shrimp, has not been superseded by any subsequent legislation. House Bill 833 of the 63rd Legislature (amending Article 978j-1, V. T. P. C. ) has not caused the Parks & Wildlife Department to lose its regulatory authority over shrimp in Cameron, Brazoria, Jackson, Jefferson, Orange, or Willacy counties. Nor has it repealed various special acts governing game and fish laws in particular localities.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

The Honorable Clayton T. Garrison, page 5(H-112)


APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee